UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| COUNTY OF CHARLES MIX,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; LARRY ECHO HAWK, in his official capacity as Assistant Secretary – Indian Affairs, United States Department of the Interior; MICHAEL BLACK, in his official capacity as Regional Director, Great Plains Region, Bureau of Indian Affairs; and BEN KITTO, in his official capacity as Superintendent of the Yankton Agency of the Bureau of Indian Affairs,<br><br>　　　　　　　　　　Defendant. | No. 3:10-cv-03012-RAL<br><br>BRIEF IN SUPPORT OF COUNTY'S MOTION FOR SUMMARY JUDGMENT AND IN RESISTANCE TO FEDERAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS |

　　Charles Mix County ("County") seeks review of a decision of the Interior Board of Indian Appeals ("IBIA"). The IBIA upheld a decision by the Acting Great Plains Regional Director of the Bureau of Indian Affairs ("RD") approving the acceptance into trust of a 39-acre parcel of land in Charles Mix County, South Dakota, known as the "Travel Plaza," on behalf of the Yankton Sioux Tribe. The land is currently used for a gas station and a convenience store.

　　The County is a party in other similar actions currently pending in Federal District Court in South Dakota. *State of South Dakota; County of Charles Mix; and City of Wagner v. United States Department of the Interior, et al.*, 3:10-cv-03006-RAL. In addition to the arguments set forth in this Brief in Support of County's Motion for Summary Judgment and in Resistance to the Federal Defendants' Motion to Dismiss, to the extent applicable, the County would also

1

summarily reference the arguments submitted in that litigation.

## SUMMARY

Section 5 of the Indian Reorganization Act ("IRA"), 25 U.S.C. §465, which provides the Secretary of the Interior ("Agency") with the authority to acquire trust land for Indians is unconstitutional. The County alleges an assortment of constitutional violations. The County also challenges the RD's and IBIA's decisions on substantive and procedural grounds. Further, the County claims that the agency's analysis under the 25 C.F.R. §151 regulations was arbitrary, capricious, and an abuse of discretion. The County also submits that the Tribe's own law undermines the validity of the application. Finally, the County alleges due process violations related to the agency's approval process for the Travel Plaza, claiming that a decision maker was biased and that the County was not given an opportunity to review the record or present evidence of its own.

## FACTS

The Tribe's Business and Claims Committee enacted a resolution asking that the BIA accept the Travel Plaza in trust. AR002651. Even though the Tribe's resolution stated that the action was appropriate, the Tribe's governing documents make clear that most of the authority of the Tribe is reserved to a general counsel, consisting of all tribal members present at designated meetings. A general meeting for this purpose was not convened.

The County received notice of the application. AR001326. The County and the State submitted written opposition to the application. 49 IBIA 132, AR001327; AR002610, 002563. The Superintendent issued a letter decision approving the transfer of the Travel Plaza into trust. 49 IBIA 132-33, AR001327-28, AR002431-39. The State and the County appealed the Superintendent's decision to the Office of the Regional Director in a timely fashion. AR002300.

The acting RD requested additional documentation.

On May 22, 2007, the RD affirmed the decision of the Superintendent in a letter decision of the same date. AR001668. This letter decision purported to consider the factors required under 25 C.F.R. 151.10. AR001668-72.

The State and the County appealed the letter decision of the Acting RD to the IBIA in a timely fashion. AR001635. The State and County received a copy of the Administrative Record.

The IBIA issued a letter decision on April 30, 2009, affirming the acceptance of the 39-acre Travel Plaza in trust. The IBIA rejected all of the arguments of the State and the County, including a claim of bias which is a significant issue in this action. 49 IBIA 144-145, AR001339-40.

On June 11, 2010, the County filed this lawsuit in a timely fashion. AR000080.

## STANDARDS

A.  RULE 12(b)(6)

The United States ("US") sets forth the appropriate standards for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. BUS at 7. This case does not warrant dismissal under those standards.

B.  RULE 12 (d).

The US sets forth the appropriate standards for the conversion of a motion to dismiss to a motion for summary judgment under Rule 12(b)(6), Rule 12(d). BUS at 7-8. This case warrants the conversion of the motion to dismiss to a motion for summary judgment. The facts and the law in this case do not support the request of the US for summary judgment. AR002321, AR002300, AR001194, AR001635, AR001612, AR001356.

C.  MOTION FOR DISMISSAL CONVERTED TO MOTION FOR SUMMARY JUDGMENT.

The United States sets forth the appropriate standards for conversion of a motion to dismiss pursuant to Rule 12 (b)(6) to a motion for summary judgment.  BUS at 7-8.  This case warrants the conversion of the motion to dismiss to a motion for summary judgment.  Again, the facts and the law in this case do not support the request of the US for summary judgment.  AR002321, AR002300, AR001194, AR001635, AR001612, AR001356.

D.  SUMMARY JUDGMENT STANDARD

The United States sets forth the appropriate standards for summary judgments under Rule 56, Federal Rules of Civil Procedure.  The County submits that under these standards dismissal is not warranted because this case does not present "factually" insufficient claims.  See *Votex Corporation v. Katrex,* 487 US 317 (1986).

E.   ADMINISTRATIVE PROCEDURE ACT

The United States sets forth the appropriate standards for claims filed pursuant to the Administrative Procedure Act ("APA").  BUS at 10-11.  An examination of the administrative record in this case confirms that the decisions are of substantially "less than ideal clarity".  *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658 (2007).  AR002321, AR002300, AR001194, AR001635, AR001612, AR001356.  Summary references to "Indian canons of construction" and "general presumption[s] of constitutionality" do not cure this fundamental defect.  BUS at 11.

ARGUMENT

A.  THE AGENCY LACKED JURISDICTION TO CONSIDER THE TRIBE'S TRUST APPLICATION.

The County maintains that the Agency lacked jurisdiction to consider the Tribe's trust application because tribal law does not provide that questions of this magnitude can be decided

by the Business and Claims Committee. See AR002651, Complaint, Dkt. No. 1, Paragraph 54. The United States disputes this contention claiming that it is "nothing but a presumption." BUS at 18. The United States cites nothing to support its position. And the claim of the US that "the Tribe itself" has explained the "duty" of the Committee is similarly lacking support in this record. The US has explained nothing.

Further, the citation of the United States to 25 C.F.R. Section 151.9 (that the application need not be in any special form) misses the point. BUS at 18. The question here is not one of form, but of substance.

B. THE COUNTY WAS DENIED DUE PROCESS BY THE AGENCY.

The County maintains that it did not have an opportunity to review the evidence put before the decision maker regarding the application and to present evidence in response. Complaint, Dkt. No. 1, §59. The reliance of the United States upon the fact that the County participated in every level of the administrative process is probative of nothing. Moreover, the presumption of regularity relied upon by the United States does not overcome the indications route of biased throughout the record with reference to the decision of the Acting Regional Director. AR002321, AR002300, AR001194, AR001635, AR001612, AR001356. Even the Brief for the United States supports that position. BUS at 21. The letter from the Tribal official recounting that Regional Director Bingerman had made a commitment to the Yankton Sioux Tribal Counsel in the past to champion this cause (if fairly viewed) undermines the position of the United States.

C. THE DECISION OF THE AGENCY WAS ARBITRARY AND CAPRICIOUS, AN ABUSIVE DISCRETION, AND OTHERWISE CONTRARY TO LAW.

The County, with the State, challenge the way the Acting RD and the IBIA evaluated five of the factors set forth in 25 C.F.R. §151. The record in this case confirms that the Agency did

not consider the Tribe's need for land and did consider the relevant statements of total tribal population.  AR001669.  The record also reflects that the Agency did not properly consider the impact of removal from the tax base on local governments, including the County.  The Agency again rejected the argument that one million seven hundred and fifty thousand dollars ($1,750,000) is lost annually because of the thirty-six thousand seven hundred (36,700) acres of land already in trust in this County.  South Dakota, 49 IBIA 106.  The argument of the United States, that the Agency's interpretation of its own regulation in this case is not subject to challenge, is without merit.

D.  THE POTENTIAL JURISDICTIONAL PROBLEMS WERE SLIGHTED BY THE AGENCY.

25 C.F.R. §151.10(f) quires consideration of jurisdictional problems from land being taken into trust.  In this record, the County claims that the Acting RD mischaracterized the jurisdictional disputes at issue, misstated the relevant law…and failed to adequately consider the political, social and economic effect on the County.  AR002321, AR002300, AR001194, AR001635, AR001612, AR001356.  Contrary to the argument of the United States, the Agency did not "articulate a rational connection between the facts found and the choice made."  BUS at 28.  Similarly, the Agency's conclusion under 25 C.F.R. §151.10(g) regarding the BIA's capacity to administer the Travel Plaza is also without support in the record.  AR002321, AR002300, AR001194, AR001635, AR001612, AR001356.  The presence of law enforcement services and a hospital in the general area does not meet the requirements of this regulation.  As a result, the United States' claim that the "RD and the BIA have fully considered" the issue is without merit.

CONCLUSION

This case should not be dismissed.  The decision of the IBIA should be vacated, and the

matter remanded to the agency.

 Dated this 9th day of September, 2010.

                /s/ *Tom D. Tobin*      .
                Tom D. Tobin
                Attorney for Charles Mix County
                422 Main Street
                P.O. Box 730
                Winner, SD  57580
                Telephone: (605) 842-2500

## CERTIFICATE OF COMPLIANCE

 I certify that the Count's Brief in Support of County's Motion for Summary Judgment and in Resistance to Federal Defendants' Motion to Dismiss is within the limitation provided for in South Dakota District Court Local Rules using Times New Roman typeface in 12 point type.  County's Brief contains 1,548 words. I further certify reliance on the word count of the word processing software used to prepare this brief, which is Microsoft Word 2007.

 Dated this 9th day of September, 2010.

                /s/ *Tom D. Tobin*      .
                Tom D. Tobin
                Attorney for Charles Mix County
                422 Main Street
                P.O. Box 730
                Winner, SD  57580
                Telephone: (605) 842-2500