UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| COUNTY OF CHARLES MIX,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; LARRY ECHO HAWK, in his official capacity as Assistant Secretary – Indian Affairs, United States Department of the Interior; MICHAEL BLACK, in his official capacity as Regional Director, Great Plains Region, Bureau of Indian Affairs; and BEN KITTO, in his official capacity as Superintendent of the Yankton Agency of the Bureau of Indian Affairs,<br><br>　　　　　　　　　Defendant. | No. 3:10-cv-03012-RAL<br><br><br><br>COUNTY PLAINTIFF'S RESPONSE TO FEDERAL DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS |

1.　　Plaintiff Charles Mix County is a political subdivision of the State of South Dakota. Compl., Dkt. No. 1, ¶ 5.

　　　Admitted.

2.　　Defendant United States Department of the Interior is an agency of the United States Government. Compl., Dkt. No. 1, ¶ 6.

　　　Admitted.

3.　　Defendant Larry Echo-Hawk is the Assistant Secretary – Indian Affairs of the U.S. Department of the Interior. Compl., Dkt. No. 1, ¶ 7.

　　　Admitted.

4.　　Defendant Michael Black is the Great Plains Regional Director of the Bureau of Indian Affairs. Compl., Dkt. No. 1, ¶ 8.

　　　Admitted.

5. Defendant Ben Kitto is the Yankton Agency Superintendent of the Bureau of Indian Affairs. Compl., Dkt. No. 1, 9.

    Admitted.

6. Federal jurisdiction exists pursuant to 28 U.S.C. § 1331.  Compl., Dkt. No. 1, ¶ 3.

    Admitted.

7. The action arises under the Administrative Procedure Act.  5 U.S.C. §§ 701-06.

    Admitted.

8. The Yankton Sioux Tribe ("Tribe") is a federally recognized Indian tribe.  74 Fed. Reg. 40,218, 40,222 (Aug. 11, 2009).

    Admitted.

9. On March 1, 2004, the Tribe's Business and Claims Committee enacted a resolution requesting that the BIA accept the Travel Plaza into trust.  AR002651.

    Denied insofar as it admits that AR002651 supports the contention.  Otherwise admitted.

10. The resolution stated that the Committee was responsible for providing economic development for the Tribe and its members, that the Travel Plaza was currently the site of a gas station and convenience store, and that the use of the property would remain the same should it be taken into trust.  AR002651.

    Denied insofar as it asserts that AR002651 supports the contention.  Otherwise admitted.

11. The BIA Yankton Superintendent notified Plaintiff, the State of South Dakota, White Swan Township, and the Wagner Community School District that the BIA had received the application and was considering it.  AR001326; AR002638-50.

    Denied insofar as it asserts that AR001326; AR002638-50, support the contention.  Otherwise admitted.

12. Plaintiff and the State each provided comments opposing the trust acquisition.  AR001327; AR002610, 002563.

    Admitted.

13. On August 26, 2004, the Superintendent issued a decision letter approving the acceptance of the Travel Plaza in trust for the Tribe.  AR001327-28; AR002431.

    Admitted.

2

14. Plaintiff and the State appealed the Superintendent's determination to the Regional Director, who holds delegated authority to review and decide upon discretionary trust acquisitions for non-gaming purposes. AR002378, 002390.

    Admitted.

15. The RD affirmed the trust acquisition in a decision letter issued May 22, 2007. AR001668.

    Denied insofar as it asserts that AR001668 supports the contention. The decision letter was signed by the Acting Regional Director. Otherwise admitted.

16. Plaintiff and the State appealed the RD's affirmance to the IBIA. AR001635.

    Admitted.

17. Upon filing their notice of appeal, Plaintiff and the State received a copy of the entire administrative record. AR001609.

    Denied insofar as it asserts that the County received a copy of the entire administrative record in a timely fashion. Otherwise admitted.

18. On April 30, 2009, the IBIA issued an opinion affirming the acceptance of the Travel Plaza into trust. AR001324.

    Denied insofar as it asserts that AR001324 supports the contention. Otherwise admitted.

19. Plaintiffs now ask this Court to review the agency's decision, made final by the IBIA opinion, to take the Travel Plaza into trust. Compl, Dkt. No. 1, Prayer for Relief (e)-(j).

    Admitted.

20. Plaintiffs also ask this Court to declare Section 5 of the Indian Reorganization Act, 25 U.S.C. § 465, unconstitutional. CompL, Dkt. No. 1, Prayer for Relief (a)-(d).

    Admits that the Complaint requests such relief.

Dated this 9th day of September, 2010.

>                                     /s/ *Tom D. Tobin*                          .
>                                     Tom D. Tobin
>                                     Attorney for Charles Mix County
>                                     422 Main Street
>                                     P.O. Box 730
>                                     Winner, SD  57580
>                                     Telephone: (605) 842-2500

CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of County's Response to Federal Defendants' Statement of Undisputed Material Facts were served on the following by electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(D) (and the Court's Electronic Filing Standing Order) on this 9th day of September, 2010.

Amy S. Tryon
amy.tryon@usdoj.gov

Cheryl Schrempp Dupris
cheryi.dupris@usdoj.gov

/s/ *Tom D. Tobin*                .
Tom D. Tobin
Attorney for Charles Mix County
422 Main Street
P.O. Box 730
Winner, SD  57580
Telephone: (605) 842-2500